IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By arowe at 10:37 am, May 14, 2015

| | |
|---|---|
| IN RE: ) | CHAPTER 13 CASE |
| BRANDI MICHELLE LINTON ) | NUMBER 14-20958 |
| ) | |
| Debtor ) | |

### OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before me on motion by creditor 21st Mortgage Corporation for reconsideration of the Order Confirming Plan ("Motion"). The sole ground asserted is that local counsel for 21st Mortgage settled its objection to confirmation without authorization to stipulate to the agreed valuation of the collateral. Having been read and considered, the Motion is ordered denied.

### FINDINGS OF FACT

The following facts are of record. The Debtor's chapter 13 plan was set for hearing on continued confirmation on March 3, 2015, with a continued objection by 21st Mortgage. In its brief in support of the objection—filed by counsel based in Atlanta, Georgia—21st Mortgage asserted that the value of its collateral

was $19,111.52. (ECF No. 33 ¶ 9.) The morning of the hearing, local counsel for 21st Mortgage made an appearance and settled the objection, and the plan was announced as "confirmed." On her motion to confirm as amended, the chapter 13 Trustee noted an allowed claim for 21st Mortgage in the amount of $14,000.

## CONCLUSIONS OF LAW

It is immaterial whether or not 21st Mortgage authorized its local counsel to stipulate to a value of $14,000 for the collateral. As the Georgia Supreme Court stated more than a century ago, "whatever the counsel assents to, the client assents to." Williams v. Simmons, 7 S.E. 133, 135 (Ga. 1888); accord Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

Here, 21st Mortgage argues that "miscommunication" (ECF No. 43 at 1) between itself, its Atlanta-based counsel, and its local counsel resulted in a compromise that 21st Mortgage did not approve (id. at 2). That argument is unavailing. Local counsel

made an appearance for 21st Mortgage, represented its interests, and compromised this matter on its behalf.

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). 21st Mortgage is therefore bound—both by the settlement negotiated by its local counsel and by the confirmed chapter 13 plan—and will not now be heard to complain about the "manifest of (sic) injustice" (id.) it suffers as a result.

### ORDER

There being no ground for reconsideration of the Order Confirming Plan, the Motion for Reconsideration is **ORDERED DENIED**.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 14 day of May, 2015.